United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMOUS NETTLES,

        Petitioner,

    v.

HEDGPETH, Warden,

        Respondent.

_____/

No. C-12-5883 EMC (pr)

**ORDER TO SHOW CAUSE**

## I.    INTRODUCTION

Petitioner, an inmate at Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner's request for judicial notice and motion for an extension of time also are before the Court for review.

## II.    BACKGROUND

The petition and attachments thereto provide the following information:  Petitioner was convicted in 1990 in Los Angeles County Superior Court of attempted murder, dissuading a witness by force or threat, and conspiracy to dissuade a witness.  Sentence enhancement allegations were found true.  On June 1, 1990, he was sentenced to life in prison with the possibility of parole, plus a 12-year sentence consecutive to the life term.  His petition does not challenge the conviction or sentence imposed and instead challenges the decision of the Board of Parole Hearings ("BPH") to

1   deny him parole at a July 31, 2009 parole suitability hearing.  Petitioner alleges that he filed

2   unsuccessful habeas petitions in the California courts before he filed this action.

3                                    **III.   DISCUSSION**

4   A.      Review of Petition

5              This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

6   custody pursuant to the judgment of a State court only on the ground that he is in custody in

7   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

8   district court considering an application for a writ of habeas corpus shall "award the writ or issue an

9   order directing the respondent to show cause why the writ should not be granted, unless it appears

10  from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

11  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,

12  palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th

13  Cir. 1990).

14             The petition alleges four claims:  (1) the evidence relied upon to deny parole does not satisfy

15  the some evidence standard because it was false and prepared in retaliation for Petitioner's exercise

16  of his constitutional rights; (2) the BPH failed to adhere to guidelines in § 2402 of Title 15 of the

17  California Code of Regulations and there was not some evidence to support the decision;

18  (3) the ten-year denial of parole under Marsy's law violated Petitioner's right to be free from ex post

19  facto laws; and (4) the state superior court and court of appeals improperly denied his habeas

20  petitions challenging the denial of parole.

21             The first two claims must be dismissed.  A "federal court may issue a writ of habeas corpus

22  to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or

23  treaties of the United States.'"  *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.)

24  Federal habeas relief is not available for state law errors.  *See id.*  For purposes of federal habeas

25  review, a California prisoner is entitled to only "minimal" procedural protections in connection with

26  a parole suitability determination.  The procedural protections to which the prisoner is entitled under

27  the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an

28  opportunity to be heard and a statement of the reasons why parole was denied.  *See Cooke*, 131 S.

2

United States District Court

For the Northern District of California

1  Ct. at 862.  The Court explained that no Supreme Court case "supports converting California's

2  'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in

3  holding otherwise.  His allegations that the BPH did not follow state regulations in considering the

4  evidence  do not aid him here because, as *Cooke* explained, federal habeas relief is not available for

5  state law errors.  In light of the Supreme Court's determination that the constitutionally-mandated

6  procedural protections do not include a requirement that the parole denial decision be supported by

7  some evidence (or any other quantum of evidence), Petitioner's first two claims are dismissed

8  without leave to amend.  Petitioner had no federally protected right to have any particular quantum

9  of evidence support the decision.

10        Petitioner's third claim is that the decision to set his next parole hearing in ten years violates

11  his right to be free from ex post facto laws.  Giving the *pro se* petition the liberal construction to

12  which it is entitled, the court cannot say that the claim is patently frivolous and therefore will require

13  respondent to respond to it.  *Compare Gilman v. Schwarzenegger*, 638 F.3d 1101, 1108-11 (9th Cir.

14  2011) (§ 1983 class action plaintiffs could not succeed on the merits of their ex post facto challenge

15  to Proposition 9 unless (1) Proposition 9, on its face, created a significant risk of increasing the

16  punishment of California life-term inmates, or (2) the plaintiffs demonstrate, by evidence drawn

17  from Proposition 9's practical implementation, that its retroactive application will result in a longer

18  period of incarceration than under the prior law), *with Vicks (Michael) on H.C.*, Cal. Supreme Ct.

19  No. S194129 (oral argument set for January 8, 2013 to address whether Proposition 9's provision

20  that decreases the frequency of parole consideration hearings violates the ex post facto provisions of

21  the state and federal constitutions).

22        Petitioner's fourth claim must be dismissed because it is an attack on the state's post-

23  conviction review process rather than the parole denial insofar as Petitioner is attempting to allege a

24  separate claim for habeas relief.  Petitioner alleges that the state superior and state appellate courts

25  did not properly decide his habeas petitions in which he challenged the BPH's decision to deny

26  parole for him.  Errors in the state post-conviction review process are not addressable through

27  federal habeas corpus proceedings.  *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998);

28  *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632

**United States District Court**
For the Northern District of California

1   n.7 (9th Cir. 1997); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989); *Kirby v. Dutton*, 794 F.2d

2   245, 247 (6th Cir. 1986).  Such errors do not generally represent an attack on the prisoner's

3   detention and therefore are not proper grounds for habeas relief.  They instead generally pertain to

4   the review process itself and not to the constitutionality of a state conviction or the execution of the

5   sentence.  *See, e.g.*, 28 U.S.C. § 2254(I) (claims of ineffective assistance of state or federal post-

6   conviction counsel not cognizable on federal habeas review); *Franzen*, 877 F.2d at 26 (delay in state

7   habeas proceeding not addressable in federal habeas); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th

8   Cir. 1987) (denial of hearing on state collateral proceedings not addressable in federal habeas); *see*

9   *also Application of Gordon*, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that state court decided

10  appeal improperly not enough to state claim in federal habeas).  Although 28 U.S.C. § 2254(d)

11  requires the federal court to determine whether the state court's adjudication of a claim was contrary

12  to, or an unreasonable application of, clearly established Supreme Court authority, that standard is

13  with regard to the underlying claim for a violation of the Constitution, laws or treaties of the United

14  States.  Claims may arrive in a federal habeas court after having been presented to state courts in

15  state habeas petitions, but the federal court can entertain only those claims that pertain to the trial

16  (or, here, the parole proceedings) and not to the state habeas proceedings themselves.

17  B.      Miscellaneous Motions

18          Petitioner filed a request for judicial notice, but failed to attach to his request any of the

19  1,400+ pages of documents he wanted judicially noticed.  At the same time, he filed a motion for a

20  30-day extension of time to add 600+ more pages to the request for judicial notice.  He stated that he

21  needed additional time because the law library would be delayed in copying the 600+ pages of

22  additional materials he wanted to present to this Court.

23          In light of the dismissal of all but the Ex Post Facto Clause claim, the court sees no reason

24  why the Petitioner needs to have 2,000+ pages of documents judicially noticed.  Now that only the

25  Ex Post Facto Clause claim remains, Petitioner very likely does not need to incr the cost nor to

26  burden this Court with thousands of pages of documents from other courts and his prison file.

27  Petitioner's request for judicial notice is DENIED for failure to attach the documents to be judicially

28

1   noticed.  (Docket # 4, # 5.)  Petitioner's motion for an extension of time is DENIED as moot in light

2   of the denial of the request for judicial notice.  (Docket # 8.)

3         If Petitioner wants the Court to judicially notice documents from other courts, he may file a

4   new request for judicial notice, but must submit the documents to be judicially noticed at the same

5   time he files his request.  Further, any request for judicial notice should be prepared bearing in mind

6   that all claims other than Ex Post Facto Clause claim have been dismissed.  For example, if

7   documents were relevant only to Petitioner's due process claims that the evidence was insufficient

8   and that the BPH did not follow the regulations, those documents are no longer relevant and

9   Petitioner should not request that they be judicially noticed.

10        Several of Petitioner's filings have been extremely difficult to read.  The typewriter or printer

11  Petitioner used to produce the documents at Docket #s 5-10 and # 16 generated printing of such poor

12  quality – with extra vertical lines on most letters – that the Court struggled to read many of the

13  words in those documents.  Petitioner needs to solve his printing problem or handwrite his

14  documents.  All future filings must be legible, regardless of whether they are typed, printed, or

15  handwritten.

16                     **IV.**   **CONCLUSION**

17        For the foregoing reasons,

18        1.     The Ex Post Facto Clause claim warrants a response.  All other claims are dismissed.

19        2.     The Clerk shall serve by mail a copy of this order, the petition and all attachments

20  thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.

21  The Clerk shall also serve a copy of this order on Petitioner.

22        3.     Respondent must file and serve upon Petitioner, on or before **February 15, 2013**, an

23  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing

24  cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a

25  copy of all portions of the court proceedings that have been previously transcribed and that are

26  relevant to a determination of the issues presented by the petition.

27

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **March 15, 2013**.  Petitioner's traverse, including the memorandum of points and authorities, may not exceed 20 pages in length.

     5.     Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

     6.     Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

     7.     The request for judicial notice is **DENIED** without prejudice to Petitioner filing a new request that takes into account that only the Ex Post Facto Clause claim remains for adjudication.  (Docket # 4, # 5.)  Petitioner's motion for an extension of time is **DISMISSED** as moot.  (Docket # 8.)

     8.     Petitioner's *in forma pauperis* application is **DENIED** because he has sufficient funds in his inmate trust account to pay the $5.00 filing fee.  (Docket # 15.)  No later than **January 18, 2013**, Petitioner must pay the $5.00 filing fee or the action may be dismissed.

     IT IS SO ORDERED.


Dated:  January 2, 2013

                                  _____
                                  EDWARD M. CHEN
                                  United States District Judge