UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOUS NETTLES, | No. C-12-5883 EMC (pr) |
| Petitioner, | |
| v. | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| RANDY GROUNDS, Warden, | |
| Respondent. | **(Docket No. 23)** |

## I. INTRODUCTION

Petitioner Damous Nettles, an inmate incarcerated at Salinas Valley State Prison ("SVSP"), filed this *pro se* action seeking a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision of the Board of Parole Hearings ("Board") to deny him parole at a July 31, 2009 parole suitability hearing. On January 2, 2013, this Court issued an Order to Show Cause finding that Petitioner had stated a cognizable claim that the Board violated his constitutional right to be free of *ex post facto* laws by denying him parole for ten years under Proposition 9, also known as Marsy's Law. Doc. No. 20. The Court dismissed all other claims Petitioner raised as not cognizable. Respondent Randy Grounds, Warden at SVSP,[1] moves to dismiss on the grounds that the petition fails to state a claim for federal habeas relief and is barred by the applicable one-year statute of

---

[1] Petitioner initially named Warden Hedgpeth, the former warden of SVSP, as Respondent in this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Randy Grounds, the current warden of SVSP, is hereby substituted as Respondent in place of Petitioner's prior custodian.

1 limitations. Petitioner has filed an opposition and Respondent has filed a reply. For the reasons
2 discussed below, the Court **GRANTS** the motion to dismiss.

## II. BACKGROUND

On July 31, 2009, the Board, after a hearing, ruled that Petitioner was unsuitable for parole. Respondent's Ex. 2 (Transcript of Parole Suitability Hearing) at 128. The Board denied Petitioner parole for ten years. *Id.*; Petition at 9-a. The Board's decision became final on November 27, 2009. Respondent's Ex. 2 at 128.

Petitioner sought habeas corpus relief on all of the claims presented in this habeas petition, including the *ex post facto* claim, in the Los Angeles County Superior Court. Respondent's Ex. 3. On June 9, 2010, the Superior Court summarily denied the *ex post facto* claim. Respondent's Ex. 5. The California Court of Appeal and the California Supreme Court denied relief without comment. Respondent's Exs. 4, 7. Petitioner then filed this federal petition for a writ of habeas corpus.

## III. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

## IV. DISCUSSION

Respondent argues that the petition must be dismissed because: (1) habeas relief is not available for this claim challenging the ten-year parole denial as an *ex post facto* violation and, thus, the Court lacks habeas jurisdiction; (2) Petitioner is a member of a pending class action addressing the same *ex post facto* claim; and (3) Petitioner failed to file his federal habeas petition within the one-year statute of limitations.

A. Habeas Jurisdiction

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547
2

U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.* Therefore, challenges to prison conditions have traditionally been cognizable only via § 1983, whereas challenges implicating the fact or duration of confinement are brought through a habeas petition.. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).  The two remedies are not always mutually exclusive, however.  *Id.* at 1031.

Where an inmate challenges the constitutional validity of the state procedures used to deny parole eligibility or parole suitability, but seeks injunctive relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In *Wilkinson*, the Court held that prisoners' parole claims seeking a new parole hearing need not be brought in a habeas corpus proceeding because the relief sought would not necessarily "invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81 (emphasis in original).  But this does not mean that such a claim may not be brought in habeas as well: "[W]hen prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Docken*, 393 F.3d at 1031 (emphasis in original).  Habeas and § 1983 are not mutually exclusive in such a case. *Id.*

Citing *Wilkinson*, 544 U.S. at 82 and *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), Respondent argues that, because Petitioner seeks the invalidation of state procedures used to deny parole suitability, his claim is cognizable only under 42 U.S.C. § 1983.  However, as discussed above, the Ninth Circuit has stated that such claims may be brought either in a petition for habeas relief or in a complaint under §1983. *See Docken*, 393 F.3d at 1031.  Although in *Wilkinson*, 544 U.S. at 82, the Supreme Court held that a claim for invalidation of state parole procedures may be brought in a civil rights action under § 1983, it did not preclude such a claim from being brought in a habeas petition. *Nelson* does not support Respondent's argument either. Although the Court held that a challenge to a specific method of executing a death sentence could be brought under § 1983, it

left open the question of whether method-of-execution claims in general arise under habeas or civil rights law. *Nelson*, 541 U.S. at 546. Here, Petitioner requests injunctive relief that, if he prevailed, could potentially affect the duration of his confinement. *See* Petition at 16-16a (prayer for relief). Therefore, this claim is appropriately brought in a habeas proceeding.

Respondent cites *Bryant v. Haviland*, 2011 WL 23064, *4 (E.D. Cal. Jan. 4, 2011), which held that an *ex post facto* claim based upon the Board's application of Marsy's Law was "too remote from any past finding of the Board regarding Petitioner's parole suitability to be cognizable for habeas corpus relief. Thus, it is only in the context of 42 U.S.C. § 1983 that Petitioner, as a plaintiff, may challenge the constitutionality of Marsy's Law." Because, as discussed above, Supreme Court and Ninth Circuit authority hold that such a claim may be brought in a habeas or civil rights action, the Court declines to adopt the reasoning in *Bryant* and concludes that Petitioner may bring his *ex post facto* claim in a habeas proceeding.

Therefore, Respondent's motion to dismiss on the ground that this Court lacks federal habeas jurisdiction is denied.

B.  Membership in Class Action

Respondent argues that this action may not be maintained because the *ex post facto* claim at issue here is being litigated under 42 U.S.C. § 1983 in a pending class action in *Gilman v. Fisher,* Civ. S 05-0830-LKK GGH in which the class has been certified. *Gilman*, Docket No. 182. The *Gilman* class includes "all California state prisoners who have been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008." Respondent's Ex. 1, Order Amending Definitions of Certified Class. Petitioner satisfies this criteria. *See* Petition, Part 1, at 3. Therefore, he is a member of the *Gilman* class. Furthermore, the equitable relief Petitioner requests, a declaration that Marsy's Law is unconstitutional, an order directing the Board to conduct a new parole suitability hearing and enjoining it from enforcing against him any of the unconstitutional provisions of Marsy's Law, *see* Petition, Part 2, at 15-16, is the same relief Petitioner would be entitled to as a member of the *Gilman* class action, *see Gilman*, Doc. No. 154-1 (Fourth Amended Supplemental Complaint) at 14. Therefore, it appears that Petitioner's rights will be fully protected by his status as a class member in the *Gilman* case.

4

United States District Court
For the Northern District of California

A court may choose not to exercise its jurisdiction over an individual suit for injunctive and equitable relief from alleged unconstitutional prison conditions where there is a pending class action suit involving the same subject matter. *See Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) (affirming district court's dismissal of claim repetitive of class action issue); *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). Individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications. *Id.* In such a case, "there is no reason to believe the issue . . . will not be fully and vigorously litigated by the . . . class representatives." *Crawford*, 599 F.2d at 893. "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further action through the class representative and attorney, including contempt proceedings, or by intervention in the class action." *Gillespie*, 858 F.2d at 1103; *see also Bryant*, 2011 WL 23064, at *5 (dismissing same *ex post facto* claim at issue here because petitioner was a member of the *Gilman* class). Relying on *Crawford*, *McNeil*, and *Gillespie*, the district court in *Gilman* stated that a member of the class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." *See Gilman*, Doc. No. 296 (Dec. 10, 2010 Order) at 2; Doc. No. 278 (October 1, 2010 Order) at 2-3; Doc. No. 276 (Sept. 28, 2010 Order) at 2-3; Doc. No. 274 (Sept. 23, 2010 Order) at 2-3.

In his opposition, Petitioner does not respond to the argument that his claim must be dismissed because he is a member of the *Gilman* class.

Based on the above authority, the orders of the *Gilman* court, and the fact that Petitioner's rights are protected pursuant to his membership in the *Gilman* class, this Court finds that Petitioner is precluded from asserting his *ex post facto* claim in this habeas petition because he is a member of a pending class action litigating the very same issue. Therefore, Respondent's motion to dismiss based on this ground is granted. Dismissal is without prejudice to any relief that may be available to Petitioner as a member of the *Gilman* class. Because the Court grants Respondent's motion to dismiss on the ground that he is a member of the *Gilman* class action, it does not address

Respondent's last argument based on the statute of limitations.[2]

C.  Certificate of Appealability

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Accordingly, a certificate of appealability is **DENIED**.

## V.  CONCLUSION

Respondent's motion to dismiss the petition for a writ of habeas corpus is **GRANTED**. Dismissal is without prejudice to any relief that may be available to Petitioner as a member of the *Gilman* class.  This order disposes of Docket No. 23.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: July 31, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court notes that certification of the class in *Gilman* may operate to toll the limitations period.  *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985).

6